UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Lahborn Allah, #276542, )<br>)<br>     Plaintiff, )<br>)<br>vs. )<br>)<br>Stan Burt; S. C. Department of Corrections; and Major )<br>Martell, )<br>)<br>     Defendants. )<br>_____ ) | C/A No. 4:08-1538-TLW-TER<br><br>REPORT AND RECOMMENDATION |

The plaintiff, Lahborn Allah, filed this action on April 11, 2008, alleging various claims for violations of his constitutional rights pursuant to 42 U.S.C. § 1983. The plaintiff is an inmate currently housed at the Broad River Correctional Institution ("BRCI"). Before the undersigned is the defendants' motion to dismiss. (Document # 25.)[1]

## I. PROCEDURAL BACKGROUND

On June 13, 2008, the defendants filed a motion to dismiss. (Document # 25). The undersigned issued an order filed August 6, 2008, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir.1975), advising the plaintiff of the motion for summary judgment procedure and the possible consequences if he failed to respond adequately. On August 12, 2008, the plaintiff filed a response opposing the defendants' motion to dismiss. (Document # 31.)

---

[1] All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(d), DSC. Because this is a dispositive motion, the report and recommendation is entered for review by the district judge.

## II.  DISCUSSION

### A. ARGUMENT OF PARTIES/ FACTUAL ALLEGATIONS

Plaintiff alleges as follows in his complaint, quoted verbatim, in full:

> Co's Mayers & Wilson came & got me & my roommate on 8-24-07- put us in holdin cell-for 5 days-my roommate went back-they kept me in the Holdin cell for another day- then placed me on lockdown (SMU) I stayed on lieber lock up until 9/30/08-then I was shipped to B.R.C.I. on a Sunday-I never got any investigation papers or charge papers-never seen a DHO-but my visit has been tooken-phone tooken-account froze & my mail is delayed-when I get it-I've wrote all these people-all they say is that it's a pendin investigation-But I've been on lockDown for 8 months & they want process any of my grievances-
>
> I want to be released to general population & my visit-phone-account back-$500 Dollars a day for every day over the 30 days SCDC policy states they have to handle an investigation-for terrorizin me & my family-all the lies they told my family's the harassment & emotional-psychological damage they have cause me & my family& the cost of court fees
>
> I tried to get a copy of grievance Grc# 1268-07 but the mailroom kept it-I tried to get another copy-but the grievance people wouldn't seen it-so I can only send BRCI 0262-07.

(Amended Complaint, Doc. #16).

Plaintiff attacked a copy of a Step #I Grievance filed March 6, 2008, No. BRCI-0262-08.

### B.  STANDARD UNDER MOTION TO DISMISS

Defendants bring their motion to dismiss pursuant to Rule 12(b)(6), Fed.R.Civ.P.  A motion to dismiss under Rule 12 tests the sufficiency of the complaint.  It does not resolve conflicts of facts.  A court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations.  Conley v. Gibson, 355 U.S. 41, 45-46

(1957). In considering a motion to dismiss, the factual allegation in the complaint are accepted as true and the plaintiff is afforded the benefit of all reasonable inferences that can be drawn from those allegations. Mylan Laboratories, Inc. v. Matkari, 7 F.3d 1130,1134 (4th Cir. 1993). When a claim is challenged under this Rule, the court presumes that all well-pleaded allegations are true, resolves all doubts and inferences in the pleader's favor, and views the pleading in the light most favorable to the non-moving party.

## C. DISCUSSION

As set out above, plaintiff alleges cruel and unusual punishment, lack of due process, and violation of SCDC policy. Plaintiff has alleged that he was placed in a holding cell for six days and then on lockdown without being charged and without a hearing. Further, plaintiff alleges that his visitation rights and phone privileges were taken away and that his account was frozen. In his response in opposition to the motion to dismiss, plaintiff argues that it was Major Martell who placed him on lockdown.

Defendants argue in their motion and memorandum that plaintiff has failed to state a valid cause of action and that all the actions taken in this case were all within the sound discretion of the prison authorities and there as been no violation of due process. Thus, defendants argue that plaintiff is only left with state law as a potential source of protected liberty interest that could have been implicated. Defendants argue that plaintiff makes no allegations within his complaint with respect to specific state laws or prison procedures as enacted by the prison officials or the defendants.

However, based on plaintiff's response and a liberal reading of his complaint, plaintiff is alleging a violation of due process in that he was placed on lockdown for a period of time without

3

a hearing by defendant Martell, had his privileges taken away as part of his discipline, all in violation of policy and due process by not receiving a hearing before a disciplinary hearing officer, as well as, alleging the actions amounted to cruel and unusual punishment[2] See <u>Wolff v. McDonnell</u> 418 U.S. 539, 557 (1974)(In administrative disciplinary hearings, prisoners are entitled to procedural safeguards if loss of good conduct time, or some other liberty interest, is at issue).

### III. CONCLUSION

Based on the above, the undersigned recommends that the defendants motion to dismiss be denied. Further, the undersigned recommends, if the District Court adopts this report and recommendation to deny the motion to dismiss, that the defendants and plaintiff be granted additional time to file a motion for summary judgment

        Respectfully Submitted,

        s/Thomas E. Rogers, III
        Thomas E. Rogers, III
        United States Magistrate Judge

January 21, 2009
Florence, South Carolina

**The parties' attention is directed to the important notice on the next page.**

---

[2] Additionally, it is not clear if plaintiff is still on "lockdown" or why he was allegedly on lockdown and disciplined without copies of affidavits and records from the defendants.